DECISION AND JUDGMENT ENTRY
{¶ 1} National City Home Loan Services, Inc. appeals the Scioto County Court of Common Pleas' denial of its motion for relief from judgment pursuant to Civ.R. 60(B). National City contends that the trial court abused its discretion in denying its motion for relief from judgment and in failing to hold a hearing on its motion. Because National City failed to allege operative facts that establish that it is entitled to relief from judgment under the criteria established in GTE AutomaticElectric, Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, we find that the trial court did not abuse its discretion in overruling National City's motion without a hearing. Accordingly, we overrule each of National City's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} The litigation history between National City and Gillette is complex and lengthy. We outline only the facts necessary for a basic understanding of the parties' relationships and resolution of the narrow issues before this court.
 {¶ 3} Gillette and her former husband, Scott Gillette[1] ("Scott"), each owned a parcel of property in Scioto County. National City initiated proceedings to foreclose on its mortgage on Scott's parcel. National City also claimed that the court should reform the mortgage, which originated with another lender, to include both Scott's parcel and Gillette's parcel. National City filed a motion for summary judgment, contending that the original lender made a scrivener's error when it failed to include Gillette's property in the mortgage, arguing that it is entitled to reformation under the doctrine of mutual mistake, and seeking to foreclose on the mortgage.
 {¶ 4} Gillette filed a response along with her own motion for summary judgment. She attached an affidavit in which she averred that the original lender created all mortgage documents, that she never intended to mortgage her property, and that she signed Scott's mortgage documents only in order to release her dower interest in Scott's property.
 {¶ 5} The trial court issued a scheduling order mandating that National City file its response to Gillette's motion by June 25, 2004. Additionally, the court scheduled a non-oral hearing on the competing motions for summary judgment for July 6, 2004. National City did not file a response to Gillette's motion. On July 7, 2005, the trial court issued an order overruling National City's motion and sustaining Gillette's motion for summary judgment. The trial court determined pursuant to Civ.R. 54(B) that there was no just cause for delay, and that its ruling with respect to Gillette was a final appealable order.
 {¶ 6} On July 9, 2004, National City filed a motion for leave to belatedly respond to Gillette's motion for summary judgment and a memorandum in opposition to Gillette's motion for summary judgment. In its memorandum, National City argued that Gillette's assertion that the mistake was unilateral, not mutual, was not supported by the evidence. In particular, National City argued that the documents surrounding the creation of the mortgage and the fact that the value of Scott's property was grossly inadequate to secure the mortgage indicate that Gillette intended to mortgage her property. Additionally, National City argued that if the court does not allow reformation of the mortgage, Gillette will be unjustly enriched because she used the proceeds of the loan to pay off the prior mortgage on her property.
 {¶ 7} On July 27, 2004, the trial court overruled National City's motion to belatedly respond to Gillette's motion for summary judgment. National City did not appeal the trial court's decision granting summary judgment to Gillette or its decision denying National City's motion to belatedly respond to Gillette's motion.
 {¶ 8} On November 7, 2004, National City filed a notification of an automatic stay after Scott filed for bankruptcy.[2]
On May 20, 2005, National City filed a notice with the court that the bankruptcy court had granted Scott a Chapter 7 discharge on March 4, 2005, which lifted the automatic stay. At the same time, National City filed a motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 9} In its Civ.R. 60(B) motion, National City argued that it is entitled to relief from the trial court's judgment in favor of Gillette on three grounds. First, National City argued that its failure to file a response to Gillette's motion for summary judgment constituted "excusable neglect" under Civ.R. 60(B)(1), and thus serves as grounds for vacating the judgment. Next, National City contended that the affidavit Gillette submitted in support of her motion for summary judgment is fraudulent, and that her fraud constitutes grounds for vacating the judgment under Civ.R. 60(B)(3). Finally, National City argued that it is inequitable to deny it the opportunity to foreclose on Gillette's property, and that principles of equity justify vacating the judgment under Civ.R. 60(B)(1), (4) and (5).
 {¶ 10} Gillette filed a memorandum opposing National City's motion for relief from judgment, and National City filed a response. The trial court overruled National City's motion without a hearing on August 10, 2005. In its ruling, the court noted that the appropriate route for National City to seek relief was not via a motion for relief from judgment filed ten months after it issued its final judgment, but rather via a timely direct appeal.
 {¶ 11} National City appeals, asserting the following assignment of error: "The trial court abused its discretion in overruling appellant's Motion for Relief from Judgment." Within its assignment of error, National City presents five issues for our review. First, National City contends that the trial court erred in concluding that the issues it raised were more appropriate for an appeal than for a motion for relief from judgment. Additionally, National City contends that the trial court was required to hold a hearing on its motion for relief from judgment. Finally, National City contends that it is entitled to Civ.R. 60(B) relief under section (1) based on excusable neglect; under section (3) based on fraud; and under sections (4) and (5) based on equity.
 II. {¶ 12} A trial court's ruling on a motion for relief from judgment lies within the sound discretion of the trial court and will not be overturned absent a showing of an abuse of that discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77;Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion constitutes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable. State ex rel. Hillyer v. Tuscarawas Cty. Bd.of Commrs. (1994), 70 Ohio St.3d 94, 97; Steiner v. Custer
(1940), 137 Ohio St. 448, paragraph two of the syllabus. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 13} Civ.R. 60(B) provides in relevant part that a trial court may "relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken * * *."
 {¶ 14} The Ohio Supreme Court has held that for a party to prevail under Rule 60(B) the "movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Electric, Inc. v. ARC Ind., Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. RoseChevrolet at 20, citing Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351; Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578.
 {¶ 15} A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to a hearing on the motion. Schaad v. Salyers (Aug. 11, 1992), Franklin App. No. 91AP-1506, 1992 WL 203230. Instead, the movant bears the burden of demonstrating that he is entitled to a hearing on the motion. Id. To warrant a hearing on his Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. Thus, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of the GTE test. State ex rel. Richard v. Seidner (1997),78 Ohio St.3d 116, 117; Cuervo v. Snell (1998),131 Ohio App.3d 560, 569.
 {¶ 16} A movant cannot use Civ.R. 60(B) as a substitute for an appeal. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91. Thus, the scope of our review is limited solely to the trial court's denial of National City's motion for relief from judgment. We do not have jurisdiction to examine any alleged error regarding the trial court's grant of summary judgment to Gillette. See, e.g., Kaplysh v. Takieddine (1988),35 Ohio St.3d 170, 175; Gregory v. Aal, Trumbull App. No. 2004-T-0176,2004-Ohio-1703, at ¶ 11-12.
 III. {¶ 17} National City contends that the trial court abused its discretion in denying its motion for relief from judgment and in declining to conduct a hearing on the motion. National City contends that it showed, or at least alleged operative facts warranting a hearing in which it could show, that it is entitled to relief from judgment on three grounds: excusable neglect, fraud, and equity.
 A. {¶ 18} The determination of whether excusable neglect justifying relief from judgment occurred in a particular case "must of necessity take into consideration all the surrounding facts and circumstances." Colley v. Bazell (1980),64 Ohio St.2d 243, 249, fn. 4. If it is evident from all the facts and circumstances that the acts of the party seeking relief exhibited a disregard for the judicial system and the rights of the other party, then the trial court should find that the mistakes were inexcusable. D.M.G., Inc. v. Cremeans Concrete Supply Co.
(1996), 111 Ohio App.3d 134, 138; see, also, Colley at 248,416 N.E.2d 605; GTE Automatic Electric, Inc. at 153. Generally, a failure to plead or respond after admittedly receiving a copy of a court document is not "excusable neglect." Katko v. Modic
(1993), 85 Ohio App.3d 834, 838; Andrew Bihl Sons, Inc. v.Trembly (1990), 67 Ohio App.3d 664, 667. "Where the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ.R. 60(B)(1), but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment." Rose Chevrolet,Inc. v. Adams (1988) 36 Ohio St.3d 17, at the syllabus; Suttonv. Kim, Trumbull App. No. 2004-T-0061, 2004-Ohio-5866, at ¶ 15.
 {¶ 19} Here, National City did not allege that its failure to file a response to Gillette's motion for summary judgment was due to any extenuating circumstances. Instead, National City simply relies upon its assertion that it did not exhibit dilatory conduct in the proceedings leading up to the motion for summary judgment. Because National City failed to set forth some operative facts to assist the trial court in determining whether its neglect was excusable, we cannot find that the trial court abused its discretion in declining to conduct a hearing or in denying the motion for relief from judgment.
 B. {¶ 20} Next, National City contends that it is entitled to relief from judgment based on the fact that Gillette's affidavit was fraudulent. In particular, National City contends that Gillette's affidavit must be fraudulent, because the value of Scott's property is grossly inadequate to secure the amount of the loan. While National City's allegation that Scott's property provided inadequate security for the loan strongly suggests that the mortgage contains a mistake, it does nothing to contradict Gillette's assertion that the mistake was unilateral, not mutual.
 {¶ 21} More importantly, all of the facts that National City relies upon to support its contention that the mortgage contains a mutual mistake were within its knowledge at the time Gillette filed its motion for summary judgment. To obtain relief under Civ.R. 60(B)(3), the movant must show that he "was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity until after trial." Siebert v.Murphy, Scioto App. No. 02CA2825, 2002-Ohio-6454, at ¶ 34, quoting Abrahamsen v. Trans-State Exp., Inc. (C.A.6, 1996),92 F.3d 425, 428; Goldshot v. Goldshot, Montgomery App. No. 19000, 2002-Ohio-2056. If National City had filed a response to Gillette's motion for summary judgment and supported it with the same evidentiary materials it used to support its motion for relief from judgment, it would have presented a genuine issue of material fact that would have prevented summary judgment. Prior to the court's ruling on Gillette's motion for summary judgment, National City had knowledge or the means to discover all of the facts which it contends prove that Gillette's affidavit was false. Yet, National City has failed to show why it was unable to submit evidentiary materials in support of a timely memorandum opposing Gillette's motion for summary judgment. National City cannot use a motion for relief from judgment to remedy its failure to timely respond to Gillette's motion for summary judgment. Accordingly, we cannot find that the trial court abused its discretion in denying National City's motion for relief from judgment on grounds of fraud without conducting a hearing on the issue.
 C. {¶ 22} Finally, National City contends that it is entitled to relief from judgment on grounds of equity. National City relies upon Civ.R. 60(B)(4) and (5) to support its request for relief on equitable grounds. However, Civ.R. 60(B)(4) provides for relief only when "it is no longer equitable that the judgment should have prospective application." Thus, by its terms Civ.R. 60(B)(4) applies only "to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986), 24 Ohio St.3d 141, paragraph one of the syllabus. The circumstances justifying relief must occur subsequent to the entry of the judgment. Wurzelbacher v.Kroeger (1974), 40 Ohio St.2d 90, 92. Here, the circumstances that National City alleges justify relief are that Gillette was unjustly enriched when she was not found responsible for the loan proceeds she used to pay off her property. However, this alleged unjust enrichment occurred prior to or contemporaneous with the judgment — not subsequent to the judgment. Thus, Civ.R. 60(B)(4) does not apply to National City's claim.
 {¶ 23} Likewise, the Civ.R. 60(B)(5) "catchall" provision does not entitle National City to relief from judgment. Because public policy favors finality of judgments, relief under Civ.R. 60(B) is limited. Pearn v. Daimler Chrysler Corp. (2002)148 Ohio App.3d 228, 238. The grounds for invoking the catch-all provision should be substantial. Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64, 66. Here, even if we assume that Gillette's affidavit was false and that the judgment in her favor inflicted an injustice upon National City, National City could have prevented that injustice by taking timely steps to present contrary evidence. Therefore, public policy supporting the finality of judgments outweighs any injustice in this case. Accord Siebert at ¶ 36. Therefore, we find that National City did not allege operative facts that required a hearing, and that the trial court did not abuse its discretion in denying National City's motion for relief from judgment on grounds of equity.
 IV. {¶ 24} Even if National City had alleged operative facts supporting a finding that it is entitled to relief on grounds of excusable neglect, fraud, or equity, we would nonetheless find that the trial court did not abuse its discretion in denying National City's motion without a hearing because National City did not timely file its motion.
 {¶ 25} "[W]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106. In this regard, the movant has the burden of proof, and must submit factual material which on its face demonstrates the timeliness of the motion. Id., 39 Ohio App.2d at 103." Novak v.CDT Dev. Corp., Cuyahoga App. No. 8355, 2004-Ohio-2558, quotingDickson v. British Petroleum, Cuyahoga App. No. 80908, 2002-Ohio-7060. Whether a Civ.R. 60(B) motion is filed in a reasonable amount of time depends on the unique facts of an individual case. Smith v. Stacy, Pike App. No. 02CA701, 2003-Ohio-3467, at ¶ 10, citing Dickson, supra, and Browningv. Oakwood Management Co., Franklin App. No. 02AP-1136, 2003-Ohio-2142.
 {¶ 26} Absent evidence explaining the reasons for a delay, a delay of as little as two and a half months may be unreasonable under Civ.R. 60(B). See, e.g., Browning at ¶ 15 (holding that, in the absence of an explanation for appellants' delay in filing the Civ.R. 60(B) motion until one day prior to the one-year deadline, it was not an abuse of discretion for the trial court to determine that the motion was not timely filed); Hall v.K.V.V. Enterprises (1984), 15 Ohio App.3d 137 (holding that court did not abuse its discretion in denying relief from the judgment, since the motion for relief was not filed until over three months after judgment was entered); Zerovnik v. E.F.Hutton Co. (June 7, 1984), Cuyahoga App. No. 47460 (holding that an unjustified delay for two and one-half months is unreasonable as a matter of law); Mount Olive Baptist Church v.Pipkins Paints (1979), 64 Ohio App.2d 285, 289 (holding that unjustified four-month delay necessarily precluded relief from a money judgment). See, also, Natl. City Bank v. Hostelley (July 3, 1991), Cuyahoga App. No. 58554; Larson v. Umoh (1986),33 Ohio App.3d 14, 17; Riley v. Heritage Mut. Ins. Co. (Sept. 25, 1986), Cuyahoga App. No. 50972.
 {¶ 27} Here, the record indicates that National City did not file its motion for relief from judgment until May 20, 2005, despite the fact that it was aware of all the grounds it presented in support for its motion for relief from judgment in July of 2004. The only evidence National City offers in support of its excusable neglect contention is the fact that it has not otherwise demonstrated a complete disregard for the judicial system. Such evidence was clearly within National City's knowledge in July of 2004. Thus, National City did not present factual materials to demonstrate the timeliness of its motion for relief from judgment on the grounds of excusable neglect.
 {¶ 28} With regard to its fraud allegation, in its July 9, 2004 memorandum, National City indicated its belief that Gillette and the original lender both intended for the mortgage to encumber Gillette's property. In her affidavit in support of National City's motion for relief from judgment, National City's counsel, Pamela Petas, averred that National City suspected that Gillette's affidavit was fraudulent by July 21, 2004 at the latest. Thus, National City was aware of the alleged fraud ten months before it moved for relief from judgment. National City has not submitted facts to justify its delay in filing a motion for relief from judgment on the grounds of fraud.
 {¶ 29} Finally, National City argued in the memorandum it filed on July 9, 2004 that, even if the mistake in the formation of the mortgage was unilateral on the part of the original lender, National City is entitled to reformation of the mortgage under principles of equity. National City has not presented any factual materials to justify its delay in bringing its motion for relief from judgment on the grounds of equity or unjust enrichment.
 V. {¶ 30} In conclusion, we find that the trial court did not abuse its discretion in overruling National City's motion for relief from judgment without a hearing. National City failed to allege operative facts that showed that it was entitled to relief from judgment under one of the grounds enumerated in Civ.R. 60(B)(1) through (5) and that it timely filed its motion. Accordingly, we overrule National City's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] Scott did not enter an appearance before the trial court or this court.
[2] As Gillette correctly notes in her brief to this court, an automatic stay in a bankruptcy proceeding does not apply to a non-bankrupt co-debtor, except under limited circumstances not shown here. In re Trans-Service Logistics, Inc. (S.D.Ohio 2004), 304 B.R. 805. Thus, the stay of National City's action against Scott did not apply to Gillette.