DYE et al., Appellees,

v.

SMITH et al., Appellants.

[Cite as *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 09CA48.

Decided July 22, 2010.

George J. Cosenza, for appellees.

Joseph H. Brockwell, for appellants.

HARSHA, Judge.

{¶ 1} Brion and Misty Dye filed suit against Celesta Smith, Bradley Smith, Steve Carson, Kyle Carson, and Michael Ash (collectively, "appellants"). The Dyes alleged that the appellants removed a garage from property the Smiths were renting from the Dyes and that during the removal, Mr. Smith, the Carsons, and Ash attacked Mr. Dye. The trial court entered a default judgment against the appellants and found that they were jointly and severally liable for $14,000 in damages for removing the garage.

{¶ 2} The appellants contend that the trial court erred in finding the Carsons and Ash liable because the complaint did not seek damages for injury to the real estate from them. Civ.R. 54(C) provides that a default judgment cannot be "different in kind from or exceed in amount that prayed for in the demand for judgment." In their demand for judgment, the Dyes sought damages for the garage removal only from the Smiths. Thus, the trial court erred in finding the Carsons and Ash jointly and severally liable for those damages. Moreover, our resolution of this issue renders moot the appellants' additional claim that R.C. 5301.61 does not permit an award of such damages against the Carsons or Ash.

{¶ 3} In addition, the appellants argue that the trial court abused its discretion when it denied the Smiths' motion for relief from the default judgment. The Smiths claim that their failure to respond to the complaint constitutes inadvertence or excusable neglect because they thought that the complaint related to a grand-jury investigation of Mr. Dye and his father-in-law for their role in the altercation during the garage removal. However, at the motion hearing, the Smiths admitted that they had received the complaint, read it, knew they were being sued for money damages, and knew they had 28 days to respond to the complaint. And though the Smiths claimed to believe that an attorney was

handling the matter for them based on statements Steve Carson made, they never personally spoke to the attorney about this lawsuit. Thus, the trial court's finding that the Smiths had failed to establish inadvertence or excusable neglect was not unreasonable, unconscionable, or arbitrary, and the court properly denied their motion.

## I. Facts

{¶ 4} In June 2009, the Dyes filed a complaint against the appellants. The Dyes alleged that with their permission, the Smiths had constructed a garage, affixed by a concrete foundation, on property they leased from the Dyes. Subsequently, the Smiths gave the Dyes notice that they wanted to terminate their month-to-month tenancy and planned to dismantle the garage and remove it from the property. Over the Dyes' objection, the Smiths began to dismantle the garage with the assistance of the Carsons and Ash. The Dyes claimed that when Mrs. Dye and her mother-in-law approached the appellants and demanded that they stop, Mr. Smith, the Carsons, and Ash threatened to physically harm them. When Mr. Dye and Anthony Atkinson (his father-in-law) went to the property, Mr. Smith, the Carsons, and Ash attacked them, causing "significant bodily injury." The Dyes alleged that after the fight, Mr. Smith, the Carsons, and Ash finished removing the garage from the property. The Dyes claimed that the appellants' actions were "willful, wanton and intentional" and made the following demand for judgment:

> **WHEREFORE**, the Plaintiffs * * * respectfully demand * * * that they be awarded a judgment against the Defendants, **CELESTA J. SMITH AND BRADLEY N. SMITH**, in an amount sufficient to compensate them for the destruction of the garage on the Plaintiffs' property, plus interest, both pre-judgment and post judgment; that the Plaintiffs be awarded a judgment against the Defendants, **BRADLEY N. SMITH, STEVE L. CARSON, KYLE L. CARSON and MICHAEL L. ASH**, jointly and severally, for bodily injuries suffered by the Plaintiff, **BRION K. DYE**, as a result of the physical attack on him, plus interest, both pre-judgment and post judgment; that the Plaintiffs be awarded a judgment for punitive damages against the Defendants, **CELESTA J. SMITH, BRADLEY N. SMITH, STEVE L. CARSON, KYLE L. CARSON and MICHAEL L. ASH**, jointly and severally, plus interest, both pre-judgment and post judgment; that the Plaintiffs be awarded their attorney's fees and the costs of this action, and other relief as to the Court may seem [sic] just and equitable.

(Boldface sic.)

{¶ 5} After the appellants received service of process and failed to respond to the complaint, the Dyes filed a motion for default judgment. The trial court

entered a judgment in favor of the Dyes "against each of the Defendants, jointly and severally, on the issue of liability" and scheduled a damages hearing. The appellants filed a Civ.R. 60(B) motion for relief from judgment, which the court denied after a hearing. The court found that there was "no mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or other evidence" to support the motion. And after the damages hearing, which the appellants participated in, the court entered a judgment against the appellants, jointly and severally, for $14,000 for the loss in fair-market value to the Dyes' property from the garage's removal, plus interest and costs. The court denied the Dyes' request for attorney fees. In addition, the court found that it could not "determine which side or which party initiated the fight" and did not award the Dyes "punitive damages for the fight." This appeal followed.

## II. Assignments of Error

{¶ 6} Appellants assign the following errors for our review:

The trial court erred when it granted judgment for damages against defendants-appellants other than Celesta and Bradley Smith for the reduction in value of plaintiffs-appellees' real property on the assertion that the statute (R.C. Sec. 5301.61) allowed for the recovery of such damages from persons who were not buyers, lessees, tenants, occupants, and who have no interest in the real property.

The trial court erred when it granted judgment for damages against defendants-appellants other than Celesta and Bradley Smith for the reduction in value of plaintiffs-appellees' real property when the demand contained in the complaint only demanded such damages from Celesta and Bradley Smith, who were lessees and occupants of the real property.

The trial court abused its discretion when it denied the motion for relief from judgment filed by the defendants-appellants Celesta and Bradley Smith.

For ease of analysis, we will address the appellants' assignments of error out of order.

## III. Default–Judgment Damages

{¶ 7} In their second assignment of error, the appellants contend that the trial court erred in finding the Carsons and Ash liable for the damages caused by the garage removal because the Dyes did not request those damages in their complaint. We review a trial court's decision to grant a motion for default judgment under an abuse-of-discretion standard. *Ramsey v. Rutherford,* Ross App. No. 09CA3094, 2009-Ohio-5146, 2009 WL 3112018, at ¶ 10. But unlike the initial decision to grant a default judgment, "the determination of the kind and maximum amount of damages that may be awarded is not committed to the

discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C)." *Natl. City Bank v. Shuman*, Summit App. No. 21484, 2003-Ohio-6116, 2003 WL 22715585, at ¶ 6. The Civil Rules are "the law of this state with regard to practice and procedure in our state courts." *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 224, 611 N.E.2d 789. Thus, "the question of whether a trial court's grant of default judgment complies with Civ.R. 55(C) and Civ.R. 54(C) is one of law, which we review de novo." *Natl. City Bank* at ¶ 6; see also *Masny v. Vallo*, Cuyahoga App. No. 84983, 2005-Ohio-2178, 2005 WL 1048237, at ¶ 15.

{¶ 8} Civ.R. 55(C) provides that "[i]n all cases a judgment by default is subject to the limitations of Rule 54(C)." And under Civ.R. 54(C), "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." "The primary purpose of Civ. R. 54(C)'s limitations on default judgments is to ensure that defendants are clearly notified of the maximum potential liability to which they are exposed, so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action." *Natl. City Bank* at ¶ 11, citing *White Oak Communities, Inc. v. Russell* (Nov. 9, 1999), Franklin App. No. 98AP–1563, 1999 WL 1009745; see also *Masny* at ¶ 18.

{¶ 9} The Dyes' complaint alleged that the Carsons and Ash participated in the removal of the garage. However, in the demand for judgment, the Dyes specifically requested a judgment against "CELESTA J. SMITH AND BRADLEY N. SMITH, in an amount sufficient to compensate them for the destruction of the garage on the Plaintiffs' property." The Dyes did not similarly request a judgment against the Carsons or Ash to compensate them for the destruction of the garage. Therefore, the trial court erred in entering a default judgment against them for those damages. See *Natl. City Bank* at ¶ 2, 8 (finding court erred in granting bank a default judgment and awarding damages against a guarantor on a line of credit because complaint only contained demand for judgment against borrower and not against guarantor). Moreover, our resolution of this assignment of error renders moot the appellants' first assignment of error, in which they argue that R.C. 5301.61 did not permit a judgment against the Carsons and Ash for these damages.

{¶ 10} We note that the Dyes alleged in their complaint that the Carsons and Ash joined Mr. Smith in attacking Mr. Dye. In the demand for judgment, the Dyes specifically requested "a judgment against the Defendants, BRADLEY N. SMITH, STEVE L. CARSON, KYLE L. CARSON and MICHAEL L. ASH, jointly and severally, for bodily injuries suffered by the Plaintiff, BRION K. DYE, as a result of the physical attack on him." And the court entered a default judgment "against each of the Defendants, jointly and severally, on the issue of

liability." But in its October 2009 judgment entry, the court states that it could not determine "which side or which party initiated the fight" and did not award the Dyes punitive damages for this fight. Thus, instead of interpreting the complaint as alleging a battery claim with the issue of liability decided by the default judgment, the court appeared to consider the altercation only as a potential basis for a punitive-damages award. The Dyes do not contest that characterization or appeal the court's failure to award damages for Mr. Dye's bodily injuries. And we note that the Dyes made no effort to quantify damages from Mr. Dye's injuries in the complaint or at the damages hearing. Therefore, we need not address those issues.

### IV. Civ.R. 60(B) Motion for Relief from Judgment

{¶ 11} The appellants jointly filed a Civ.R. 60(B) motion for relief from judgment. However, in their third assignment of error, the appellants contend that the trial court erred only in denying the Smiths' request for relief. Civ.R. 55(B) provides that "[i]f a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." And to prevail on a Civ.R. 60(B) motion, the movant must demonstrate (1) timeliness of the motion, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) a meritorious claim or defense to present if relief is granted. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 12} Absent an abuse of discretion, we will not disturb a trial court's decision to grant or deny a Civ.R. 60(B) motion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. The term "abuse of discretion" implies that the court's attitude is unreasonable, unconscionable, or arbitrary. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181.

{¶ 13} The appellants argue that the Smiths (1) timely filed their motion for relief from judgment, (2) were entitled to relief based on excusable neglect or inadvertence under Civ.R. 60(B)(1), and (3) had a meritorious defense to the complaint, i.e., they caused no damage to the Dyes' property, and the Dyes came to court without clean hands. Although the Smiths raised other grounds in Civ.R. 60(B)(1) through (5) as a basis for relief from the judgment, they did not renew those arguments on appeal, so we need not address them. Moreover, the Dyes do not challenge the timeliness of the Smiths' motion. Therefore, we begin by addressing the appellants' claim that the court erred in finding that the Smiths failed to demonstrate inadvertence or excusable neglect.

{¶ 14} Inadvertence is "[a]n accidental oversight; a result of carelessness." *Guider v. Am. Heritage Homes Corp.,* Logan App. No. 8–07–16, 2008-Ohio-2402, 2008 WL 2080686, at ¶ 7, quoting Black's Law Dictionary (7th Ed.Rev. 1999) 762. The phrase "excusable neglect" is "an elusive concept which has been difficult to define and to apply." *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. The inaction of a defendant is not excusable neglect if it can be labeled as a "complete disregard for the judicial system." Id., quoting *GTE Automatic Elec.* at 153, 1 O.O.3d 86, 351 N.E.2d 113. "Generally, a failure to plead or respond after admittedly receiving a copy of a court document is not 'excusable neglect.'" *Natl. City Home Loans Serv., Inc. v. Gillette,* Scioto App. No. 05CA3027, 2006-Ohio-2881, 2006 WL 1555903, at ¶ 18, citing *Katko v. Modic* (1993), 85 Ohio App.3d 834, 838, 621 N.E.2d 809, and *Andrew Bihl Sons, Inc. v. Trembly* (1990), 67 Ohio App.3d 664, 667, 588 N.E.2d 172. However, the determination of whether excusable neglect justifying relief from judgment occurred in a particular case "must of necessity take into consideration all the surrounding facts and circumstances." *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 18 O.O.3d 442, 416 N.E.2d 605. And "[a]lthough courts should strive to decide cases upon their merits rather than upon procedural grounds, that principle must be balanced against the competing principle that litigation must be brought to an end." *Newman v. Farmacy Natural & Specialty Foods,* 168 Ohio App.3d 630, 2006-Ohio-4633, 861 N.E.2d 559, at ¶ 22, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 21, 520 N.E.2d 564.

{¶ 15} The appellants contend that the Smiths' failure to respond to the complaint constitutes excusable neglect or inadvertence because the Smiths believed that the complaint was "part of the criminal case against the Appellees." In an affidavit accompanying the Civ.R. 60(B) motion, Mr. Smith averred that he thought that the complaint was related to a grand-jury investigation of Mr. Dye and Mr. Atkinson's roles in the altercation that occurred during the garage's removal. And during the hearing on the motion, Mr. and Mrs. Smith testified to this effect. However, the Smiths admitted that they had received the complaint, read it, knew that they were being sued for money, and knew that they had 28 days to respond to the complaint. Moreover, although the Smiths claimed at the hearing to believe that an attorney was handling the matter based on statements Steve Carson made to them, the Smiths never spoke to this attorney about the complaint or about representing them in this case. The Smiths contacted this attorney only one time, prior to receiving the complaint, about the possibility of filing suit against Mr. Dye and Mr. Atkinson.

{¶ 16} The Smiths were clearly aware of the pending lawsuit and essentially ignored the matter until after the trial court granted a default judgment on the issue of liability. Under these circumstances, the trial court did not abuse its

discretion in finding that the Smiths' disregard of the legal process was not "excusable neglect" or "inadvertence" entitling them to relief from the default judgment. And because the Smiths failed to establish one of the three required elements to succeed on a Civ.R. 60(B) motion, i.e., entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), we need not address the issue of whether they had a meritorious defense to present. Accordingly, we overrule the appellants' third assignment of error.

## V. Conclusion

{¶ 17} We overrule the appellants' third assignment of error. We sustain their second assignment of error, and this decision renders moot their first assignment of error. Accordingly, we remand this cause to the trial court for proceedings consistent with this opinion.

Judgment accordingly.

ABELE and KLINE, JJ., concur.