[Cite as *Schuster vs. Hoover*, 2016-Ohio-7932.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARGERY SCHUSTER | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 16 CA 55 |
| DONALD HOOVER, et al. | |
| Defendants-Appellees | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No.  16 CV 559 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 29, 2016 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellant | For Defendants-Appellees |
| MARGERY SCHUSTER<br>PRO SE<br>1013 Laurelwood Road<br>Mansfield, Ohio  44907 | NICHOLAS D. ATTERHOLT<br>WELDON, HUSTON & KEYSER LLP<br>76 North Mulberry Street<br>Mansfield, Ohio  44902 |

*Wise, J.*

**{¶1}** Appellant Margery Schuster appeals the decision of the Richland County, Court of Common Pleas, which overruled her motion for default judgment and further granted dismissal of her *pro se* interference with contract action in favor of Appellees Donald Hoover and David Cress. The relevant facts leading to this appeal are as follows:

**{¶2}** On June 1, 2016, appellant filed a *pro se* complaint in the Richland County Court of Common Pleas, alleging that appellees had "pressured and coerced [appellant] to sign a written contract under extreme duress as so noted in plaintiff's hand under plaintiff's signature, thereby causing said contract to be invalid." Appellant therein sought monetary damages of $1,500,000.00 against appellees, individually, along with punitive damages, reasonable costs of the suit, and other relief.

**{¶3}** Appellee Hoover was served with the complaint by certified mail on June 13, 2016. Appellee Cress was apparently not successfully served by certified mail.

**{¶4}** On July 12, 2016, prior to filing any answers to the complaint, appellees jointly filed a motion to dismiss, alleging appellant had failed to state a claim upon which relief could be granted.

**{¶5}** On July 14, 2016, appellant filed a motion for default judgment. In addition, on July 18, 2016, she filed a response to appellees' motion to dismiss.

**{¶6}** On July 27, 2016, appellees, apparently recognizing the issue of the answer date for Appellee Hoover, filed a motion to file their motion to dismiss *instanter.*

**{¶7}** On July 29, 2016, the trial court granted appellees leave to file for dismissal *instanter,* therein tolling the required answer date for fourteen days.

**{¶8}** On August 2, 2016, appellant filed a motion for default judgment *instanter*. On August 5, 2016, appellant filed a "motion to substantiate its previously filed motion for default judgment."

**{¶9}** On August 10, 2016, the trial court filed a final judgment entry captioned "Order on Motion to Dismiss." The trial court therein denied appellant's motion for default judgment and granted appellees' motion to dismiss, stating that appellant had failed to state a claim upon which relief could be granted and that the statute of limitations had expired.

**{¶10}** Appellant filed a notice of appeal on September 1, 2016. She herein raises the following sole Assignment of Error:

**{¶11}** "I. RICHLAND COUNTY COMMON PLEAS COURT JUDGE JAMES DEWEESE MADE A REVERSIBLE ERROR OF LAW IN HIS ORDER ON MOTION TO DISMISS BY NOT GRANTING PLAINTIFF MARGERY SCHUSTER THE DEFAULT JUDGMENT SHE DEMANDED PURSUANT TO OHIO CIVIL RULE 6(D)."

I.

**{¶12}** In her sole Assignment of Error, appellant contends the trial court erred in declining to enter a default judgment against appellees on her complaint for interference with contract. We disagree.

**{¶13}** Civ.R. 55(A) states in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor ***."

**{¶14}** An appellate court will not disturb a trial court's decision regarding a motion for default judgment unless the trial court abused its discretion. *Wampum Hardware Co. v. Moss*, 5th Dist. Guernsey Nos. 14 CA 17, 14 CA 20, 2015-Ohio-2564, ¶ 20, citing *Dye v. Smith,* 189 Ohio App.3d 116, 937 N.E.2d 628, 2010–Ohio–3539, ¶ 7 (4th Dist.). A reviewing court will thus uphold a trial court's decision regarding a motion for default judgment so long as the court did not act in an unreasonable, unconscionable, or arbitrary manner. *Id.*, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶15}** As noted in our recitation of facts, appellant filed her complaint on June 1, 2016, and Appellee Hoover was served with the complaint by certified mail on June 13, 2016. Appellees presently concede their motion to dismiss of July 12, 2016 was one day past the twenty-eight day deadline to respond to the complaint. *See* Appellee's Brief at 5. On July 14, 2016, with no answers or responsive pleadings having been timely filed, appellant filed her motion for default judgment.

**{¶16}** The text of appellant's limited argument in her brief sets forth her position that the granting of default judgment was mandatory because Civ.R. 6(D) allegedly forbids any extensions of time for responding to a service of summons. However, the basic purpose of Civ.R. 6(D) is to give a party three additional days to respond if a motion is served by mail. *See City of Akron v. Heller*, 9th Dist. Summit No. 26969, 2013-Ohio-5228, ¶ 6. We recognize this portion of the rule "does not apply to responses to service of summons under Civ.R. 4 through Civ.R. 4.6." Nonetheless, appellant's interpretation of Civ.R. 6(D) is completely dispelled by Civ.R. 6(B)(2), which states: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its

discretion *** upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ***."

**{¶17}** Thus, this Court has determined that it is within a trial court's discretion to grant a defendant's motion for leave to plead and to overrule a plaintiff's motion for default judgment upon a showing of excusable neglect. *See Hopkins v. Dyer*, 5th Dist. Tuscarawas Nos. 2001AP080087, 2001AP080088, 2002-Ohio-1576. Furthermore: "In determining whether neglect is excusable or inexcusable, all the surrounding facts and circumstances must be taken into consideration. Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Id.*

**{¶18}** We note the argument section of appellant's present brief consists of just two sentences and lacks any significant citations to authorities, statutes, and portions of the record on which she relies, as required by App.R. 16(A)(7). Thus, she makes no real attempt to dispute that appellees' conduct was anything other than excusable neglect, or, as the trial court phrased it, that appellees lacked a "serious disregard for the answer date." Judgment Entry, August 10, 2016, at 3. Nor does appellant challenge the trial court's conclusion that her complaint failed to state a cognizable claim for relief in regard to Civ.R. 12(B)(6). It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *See Sisson v. Ohio Department of Human Services,* 9th Dist. Medina No. 2949–M, 2000 WL 422396.

**{¶19}** Appellant's sole Assignment of Error is therefore overruled.

**{¶20}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 1107