[Cite as *Morrison v. Hunt*, 2017-Ohio-4332.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES F. MORRISON | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | Hon. Earle E. Wise, J. |
| -vs- | Case No. 17 CA 14 |
| JAMES D. HUNT | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No.  16 CV 0165D

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 16, 2017

APPEARANCES:

For Plaintiff-Appellant

JAMES F. MORRISON
PRO SE
RICHLAND CORR. INSTITUTION
1001 Olivesburg Road
Mansfield, Ohio  44905

For Defendant-Appellee

JAMES D. HUNT
PRO SE
MANSFIELD CORR. INSTITUTION
1150 North Main Street, P.O. Box 788
Mansfield, Ohio  44901

*Wise, John, J.*

{¶1}   Appellant James F. Morrison appeals the decision of the Richland County Common Pleas Court denying his motions for default and summary judgment.

{¶2}   Appellee James D. Hunt has not filed a brief in this matter.

{¶3}   Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated calendar cases and states in pertinent part:

**(E) Determination and judgment on appeal**

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶4}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶5}   This appeal shall be considered in accordance with the aforementioned rules.

### STATEMENT OF THE FACTS AND CASE

**{¶6}** On February 11, 2016, Plaintiff-Appellant James F. Morrison filed a Complaint in the Richland County Court of Common Pleas alleging that James D. Hunt assaulted him while they were both inmates in the Richland Correctional Institution.

**{¶7}** In said Complaint, Appellant alleged that on or about August 5, 2013, James D. Hunt knowingly caused or attempted to cause physical harm upon him by means of a deadly weapon or dangerous ordnance when he struck Appellant in the head with a lock.

**{¶8}** This assault allegedly took place in the inmate bathroom at the 5-lower housing unit at the Richland Correctional Institution.

**{¶9}** On April 18, 2016, Appellant filed a motion for default judgment.

**{¶10}** By Judgment Entry filed July 1, 2016, the trial court denied Appellant's motion for default judgment for lack of demonstrable merit.

**{¶11}** On September 26, 2016, Appellant filed a second motion for default judgment.

**{¶12}** By Order filed October 11, 2016, the trial court overruled Appellant's second motion for default judgment for lack of demonstrable merit.

**{¶13}** On December 7, 2016, Appellant filed a motion for summary judgment.

**{¶14}** By Judgment Entry filed December 9, 2016, the trial court scheduled a non-oral hearing on Appellant's motion for summary judgment for January 10, 2017.

**{¶15}** By Order filed January 26, 2017, the trial court denied Appellant's motion for summary judgment and dismissed Appellant's Complaint based on the statute of limitations.

**{¶16}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶17}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT.

**{¶18}** "II. THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUA SPONTE DISMISSED THE COMPLAINT USING AN AFFIRMATIVE DEFENSE NOT USED BY THE DEFENDANT."

### I.

**{¶19}** In his First and Second Assignments of Error, Appellant argues that the trial court erred in denying his motion for default judgment. We disagree.

**{¶20}** Civ.R. 55(A) provides in pertinent part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

**{¶21}** A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion. *Queen v. Hanna,* 2012–Ohio–6291, 985 N.E.2d 929, ¶ 20 (4th Dist.) citing *Dye v. Smith,* 189 Ohio App.3d 116, 2010–Ohio–3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶22}** In its entries denying Appellant's motions for default judgment, the trial court found that the defendant had appeared in this matter by filing a motion for video teleconference and by participating by telephone in the initial scheduling conference.

**{¶23}** We find that the trial court's decision was not arbitrary, unconscionable or unreasonable based on the trial court's finding that Appellant's motion lacked merit.

**{¶24}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶25}** In his Second Assignment of Error, Appellant argues the trial court erred in denying his motion for summary judgment. We disagree.

**{¶26}** Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be

rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶27}** The trial court, in its judgment entry denying summary judgment and dismissing the Complaint in this matter, found that the statute of limitations for assault and battery, as pled in the Complaint, requires an action to be brought within one year:

> **2305.111 Limitation of action for assault or battery; when action accrues when identity of defendant unknown**
>
> * * *
>
> (B) Except as provided in section 2305.115 of the Revised Code and subject to division (C) of this section, an action for assault or battery shall be brought within one year after the cause of the action accrues. For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:
>
> (1) The date on which the alleged assault or battery occurred;
>
> (2) If the plaintiff did not know the identity of the person who allegedly committed the assault or battery on the date on which it allegedly occurred, the earlier of the following dates:
>
> (a) The date on which the plaintiff learns the identity of that person;
>
> (b) The date on which, by the exercise of reasonable diligence, the plaintiff should have learned the identity of that person.

**{¶28}** Upon review, we find based on Appellant's affidavit, there was no question as to the identity of the person who assaulted him. In fact, the institutional rules infraction

board found the defendant guilty of causing or attempting to cause physical harm to Appellant.

**{¶29}** Based on the facts as set forth above, we find that any cause of action sounding in assault and battery would had to have been filed no later than August 5, 2014. Therefore, Appellant's action is barred by the applicable statute of limitations.

**{¶30}** Appellant's Second Assignment of Error is overruled.

**{¶31}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/d 0606