[Cite as *Leppo, Inc. v. Foster*, 2021-Ohio-2896.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEPPO, INC., | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| WILLIAM FOSTER, III, et al., | : | Case No. 2021CA00031 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court
of Common Pleas, Case No.
2021CV00031

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      August 23, 2021

APPEARANCES:

For Plaintiff-Appellee

JOSEPH M. ZEGLEN
PO Box 104
Baltic, Ohio 43804

For Defendants-Appellants

JOSEPH A. PFUNDSTEIN
P.O. Box 46449
Cleveland, Ohio 44146

*Baldwin, J.*

{¶1}  Defendants-appellants William H. Foster III and American Pools and Fountains, Ltd. appeal from the February 17, 2021 Judgment Entry of the Stark County Court of Common Pleas granting judgment against them and in favor of plaintiff-appellee Leppo, Inc.

STATEMENT OF THE FACTS AND CASE

{¶2}  Appellee Leppo, Inc. sells and leases construction equipment. On January 11, 2021, appellee Leppo, Inc. filed a complaint against appellants William H. Foster III and American Pools and Fountains, Ltd. alleging that appellants had rented certain construction equipment from appellee and that appellants owed appellee $33,239.91 on an account plus costs, attorney fees and interest. Appellee sought a judgment against appellants jointly and severally.

{¶3}  On January 11, 2021, the complaint was served by certified mail by the Clerk of Courts Service and service was perfected on appellants on January 15, 2021. Thereafter, on February 12, 2021, appellee filed a Motion for Default Judgment against appellants. Appellants filed an answer to the complaint on February 15, 2021. The trial court, pursuant to a Judgment Entry filed on February 17, 2021, granted a default judgment against appellants and awarded appellee judgment against appellants in the amount of $33,239.91 plus costs, attorney fees and interest.

{¶4}  Appellants now appeal, raising the following assignments of error:

{¶5}  "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR DEFAULT JUDGMENT AS THEIR MOTION WAS NOT RIPE WHEN FILED BY PLAINTIFF-APPELLEE."

**{¶6}** "II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR DEFAULT JUDGMENT AS THE TRIAL COURT PROVIDED NO NOTICE ON THE MOTION FOR DEFAULT JUDGMENT."

I

**{¶7}** Appellants, in their first assignment of error, argue that the trial court erred in granting appellee's Motion for Default Judgment as the motion was not ripe when filed by appellee.

**{¶8}** Civ.R. 55(A) states in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *."

**{¶9}** An appellate court will not disturb a trial court's decision regarding a motion for default judgment unless the trial court abused its discretion. *Wampum Hardware Co. v. Moss,* 5th Dist. Guernsey Nos. 14 CA 17, 14 CA 20, 2015–Ohio–2564, ¶ 20, citing *Dye v. Smith,* 189 Ohio App.3d 116, 2010–Ohio–3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). A reviewing court will thus uphold a trial court's decision regarding a motion for default judgment so long as the court did not act in an unreasonable, unconscionable, or arbitrary manner. *Id.,* citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶10}** In the case sub judice, the complaint was filed on January 11, 2021 and served on appellants via certified mail on January 15, 2021. Pursuant to Civ.R. 12(A), appellants had twenty-eight days after service of the complaint to respond. Civ.R. 12(A)(1). The day of service is not included in that time period, and if the last day of the period falls on a weekend, the period is extended to the next weekday.

Appellants' answer, therefore, was due on or before, February 12, 2021. Appellants argue that, pursuant to Civ.R. 6(D), they had an additional three days to respond to the complaint and that, therefore, they had until February 15, 2021 to file their answer.  On such basis, appellants contend they filed a Motion for Default Judgment, which was filed on February 12, 2021, was not ripe for review.

{¶11}  However, Civ.R. 6(D) states as follows:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period. This division does not apply to responses to service of summons under Civ.R. 4 through Civ.R. 4.6. (Emphasis added).

{¶12}  Appellants were not entitled to an additional three days and their answer was due to be filed by February 12, 2021. Although the Motion for Default Judgment was filed on the 28th day, it was not ruled upon until February 16, 2021, which is after the 28 days had expired and appellants were in default.  We find that the motion was, therefore, ripe when filed by appellee.

{¶13}  Appellants' first assignment of error is, therefore, overruled.

II

{¶14}  Appellants, in their second assignment of error, argues that the trial court erred in granting appellee's Motion for Default Judgment because the trial court provided no notice to appellants of the Motion. We agree.

**{¶15}** Civ.R. 55(A) provides in pertinent part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

**{¶16}** If this notice is not given, Ohio courts have held that, "[w]ithout the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal." *Hartmann v. Crime Victims Reparations Fund,* 138 Ohio App.3d 235, 238, 741 N.E.2d 1 49 (10th Dist.). Courts have found even where a defendant's filing is <u>subsequent</u> to the plaintiff's motion for default but <u>prior</u> to the court's ruling on it, the defendant has made an appearance. Id. See also *Lexus–Nexus Division of Reed Elsevier, Inc. v. Robert Binns Association, Inc.* (December 1, 1998), Franklin App. No. 98 AP–228, *Sylvester v.Keister,* 5th Dist. Stark No. 2010-CA-00078, 2011-Ohio-178, ¶ 19

**{¶17}** In the case sub judice, appellee's Motion for Default Judgment was filed on February 12, 2021. On February 15, 2021, while the motion was pending, appellants filed their answer. It is undisputed that the trial court failed to provide appellants seven days' notice and a hearing on appellee's motion prior to entering default judgment in favor of appellee. Because the answer was filed subsequent to the Motion for Default, but prior to the court's ruling on it, appellants had made an appearance. Therefore, the trial court

erred when it granted appellee's Motion for Default Judgment. Civ. R. 55(A); *Hartmann,* 138 Ohio App.3d at 238.

**{¶18}** Appellants' second assignment of error is, therefore, sustained.

**{¶19}** Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for proceedings consistent with this Opinion.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.