[Cite as *Fidelity Tax, L.L.C. v. Hall*, 2014-Ohio-4448.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fidelity Tax, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-241<br>(C.P.C. No. 10CV-15275) |
| Jeffrey B. Hall, | : | |
| Defendant-Appellant, | : | (REGULAR CALENDAR) |
| Jane Doe, Name Unknown et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 7, 2014

*Kemp, Schaeffer & Rowe Co., L.P.A., Michael N. Schaeffer* and *Richard G. Murray, II*, for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Dennis J. Morrison*, and *Jeffrey J. Madison*, for appellee, Huntington National Bank.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jeffery B. Hall, appeals from a judgment entry and order of the Franklin County Court of Common Pleas granting defendant-appellee, Huntington National Bank's ("Huntington"), motion to confirm sale and distribute the sale proceeds. Because the order confirming the sale and distributing the proceeds is not a final appealable order, we dismiss the appeal for lack of jurisdiction.

I. Facts and Procedural History

{¶ 2} In September 1998, appellant executed and delivered a promissory note to a predecessor of Huntington in the original amount of $190,000. To secure payment,

appellant executed a mortgage in favor of Huntington's predecessor in interest on real property known as 597-601 Oak Street, Columbus, Ohio (the "property").    On September 20, 2007, Fidelity Tax, LLC ("Fidelity") purchased a tax certificate entitling Fidelity to foreclose on the property because of appellant's delinquent taxes.

{¶ 3}   Fidelity filed a complaint to foreclose on the property on October 18, 2010 and named appellant as well as various potential lien holders, including Huntington, as defendants.   Huntington filed a cross-claim against appellant on November 26, 2010, seeking to foreclose on its mortgage secured by the property.   Fidelity subsequently dismissed its complaint against appellant on December 16, 2011.

{¶ 4}   On April 3, 2012, Huntington filed a motion for summary judgment against appellant.   The trial court granted Huntington's motion for summary judgment and decree of foreclosure on September 26, 2012.   The property sold at public auction on January 18, 2014.   The trial court confirmed the sale of the property and ordered distribution of the sale proceeds on March 21, 2014.  Appellant appealed that judgment to this court on March 25, 2014.

{¶ 5}   After filing the appeal, on April 23, 2014, appellant filed a motion in the common pleas court to distribute to him, pursuant to his homestead exemption rights, the remaining balance of the proceeds from the sale of the property.  Another valid lienholder, who is a party to the original action, is challenging appellant's motion and attempting to enforce her judgment and lien against appellant.   The trial court has not ruled on the pending motions.

## II. Appeal Dismissed for Lack of a Final Appealable Order

{¶ 6}   In its brief, Huntington asserts that this court does not have jurisdiction to review appellant's appeal because the judgment entry confirming the sale of the property and the order to distribute the sale proceeds is not a final appealable order.  We agree.

{¶ 7}   Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts.   Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03.  If an order is not a final appealable order, the appellate court lacks jurisdiction and the court must dismiss the appeal.  *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993).  " ' "A judgment that leaves issues unresolved and contemplates that

further action must be taken is not a final appealable order." ' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶ 8} A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assoc., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10.

{¶ 9} R.C. 2505.02 defines a final order and provides, in pertinent part:

(A) As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 10} Civ.R. 54(B) provides as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 11} If a trial court enters judgment on some but not all of the claims in a multi-party action, in the absence of express Civ.R. 54(B) language, an appellate court may not review the judgment. *K.B.* at ¶ 15. Here, the March 21, 2014 entry and order did not finalize all the claims of all the parties to the action and does not include the Civ.R. 54(B) "no just reason for delay" certification. Specifically, the order includes that the remaining balance of $92,443.37 is to be deposited with the clerk of courts and is "to be held pending further order of this Court." (R. 271 at 4.) A review of the record shows that appellant has

a pending motion in the trial court claiming a homestead exemption entitling him to the remaining balance. Another valid lienholder has opposed appellant's claimed entitlement and has also filed a motion to distribute funds.

{¶ 12} This case is a multi-party, multi-claim case, and the trial court entered final judgment to fewer than all of the parties and claims without including the necessary Civ.R. 54(B) certification.[1] Therefore, the trial court's judgment entry and order confirming the sale and distributing the proceeds is not a final appealable order. Accordingly, this court lacks jurisdiction and appellant's appeal is dismissed.

*Appeal dismissed.*

BROWN and KLATT, JJ., concur.

———————

[1] We need not consider whether the judgment entry before us is a final order under R.C. 2505.02 because the lack of Civ.R. 54(B) language is dispositive. *Moore v. Gross*, 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 13.