TIM McCORMACK, J.:
{¶ 1} Plaintiff-appellant Judy Berube appeals from the trial court's award of punitive damages in connection with the court's granting of Berube's motion for default judgment against the defendant, Matthew Richardson. For the reasons that follow, we reverse and remand.
Procedural History and Substantive Facts
{¶ 2} On March 4, 2015, Berube filed a complaint against Matthew Richardson, d.b.a. Tazmainian Repair, Inc., alleging violations of Ohio's Consumer Sales Protection Act ("CSPA"), breach of contract, breach of warranty, failure to perform in a workmanlike manner, civil action for damages, and negligence. Berube's complaint stems from Berube contracting with Richardson to make repairs to her home. Berube claims that Richardson failed to make the repairs for which he was hired, damaged her home, stalked her daughter, and engaged in certain misconduct while purportedly working on her home. Berube sought compensatory damages, treble damages, attorney fees and costs, and punitive damages. Berube's complaint also included a jury demand.
{¶ 3} Richardson failed to answer the complaint or otherwise appear in the action, *88 and Berube moved for default judgment under Civ.R. 55. In her motion, Berube also requested a jury trial on the issue of damages. The trial court granted Berube's motion for default judgment, yet it denied her request for a jury trial and scheduled a hearing on damages. In denying her request for a jury trial, the trial court determined that Berube "availed herself of the summary procedure" of a default judgment under Civ.R. 55 and therefore "subject[ed] herself to the requirements of [ Civ.R. 55 ], which gives the court discretion to either conduct a hearing on damages or allow Plaintiff to present the issue of damages to a jury for determination."
{¶ 4} On April 20, 2016, the court conducted a hearing on damages. At the hearing, Berube testified concerning the contract she entered with Richardson and the damages that she incurred. Thereafter, the court issued an order awarding Berube total damages in the amount of $70,376. In its order, the court stated that Berube established sufficient evidence of actual damages in the amount of $15,000. Having found that Berube established a violation of the CSPA, the court determined that she was therefore entitled to $45,000 treble damages. The court also found Berube established sufficient evidence of mental anguish and awarded her $5,000 in non-economic damages under the CSPA.
{¶ 5} Additionally, the court found that an award of punitive damages were warranted, as the defendant's actions were "egregious." However, finding that the defendant did not appear in the litigation, the court determined that there was "little evidence of what degree of sanction would punish or deter him from similar action in the future." The court therefore found that the general aim of deterring the defendant from the actions that caused physical damage to the plaintiff's house and caused the plaintiff's mental anguish was sufficiently addressed by the treble damages awarded under the CSPA, and it awarded the nominal amount of $1 in punitive damages.
{¶ 6} Finally, in considering the plaintiff's request for attorney fees, the court noted that despite the fact that this was a default judgment hearing on damages, Berube and her counsel "spent considerable time and effort" in obtaining the proper service on the defendant and in researching the issues and presenting the evidence to the court for determination. Having found that Richardson knowingly committed actions that were in violation of the CSPA, the court awarded Berube $20,375 in attorney fees.
{¶ 7} Berube now appeals the judgment of the trial court, alleging that the court erred in rejecting her demand for a jury trial on damages. In the alternative, Berube claims that the trial court's award of $1 in punitive damages was against the manifest weight of the evidence.
Law and Analysis
{¶ 8} In this case, we consider a complaining party's right to a jury trial on damages where the plaintiff has obtained a default judgment against a non-appearing defendant and has requested a jury trial. In so doing, we must necessarily reconcile the rights of a party in obtaining judgment under Civ.R. 55, and the discretion of the trial court exercised thereto, and the right of a party to a jury trial as preserved under Civ.R. 38.
{¶ 9} A default judgment may be entered against a defendant who has failed to answer or otherwise defend against allegations raised in a complaint. Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn. , 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986) ; Civ.R. 55(A). When a defendant fails to answer, default judgment is warranted because liability has *89 been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." Girard v. Leatherworks Partnership , 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, 2005 WL 2211079, ¶ 38. Therefore, once default judgment has been entered, the only remaining triable issue is the amount of damages. Id.
{¶ 10} Generally, proof of damages is required for an unliquidated claim, such as a claim of negligence. See Buckeye Supply Co. v. N.E. Drilling Co. , 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (9th Dist.1985). In this case, Berube filed a complaint in negligence, and she sought punitive damages. Punitive damages are, by nature, unliquidated damages that require additional evidence. Presrite Corp. v. USW , 8th Dist. Cuyahoga No. 48113, 1985 WL 6829, 24-25 (June 6, 1985).
{¶ 11} We review a trial court's decision to grant a motion for default judgment under an abuse of discretion standard; however, the determination of the kind and the maximum amount of damages that may be awarded "is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C)." Arendt v. Price , 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, 2015 WL 628422, ¶ 8, citing Dye v. Smith , 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). For example, a trial court may not grant default judgment "different in kind from or exceed in amount" what is stated in the demand for judgment. Civ.R. 54(C). Therefore, the question of whether a trial court complied with Civ.R. 55 and 54 is one of law, which we review de novo. See id.; see also Masny v. Vallo , 8th Dist. Cuyahoga No. 84938, 2005-Ohio-2178, 2005 WL 1048237, ¶ 15.
{¶ 12} Civ.R. 55(A) governs the entry of default judgment and the necessity of a hearing on damages:
If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
{¶ 13} Under Civ.R. 55(A), the trial court has the discretion to conduct a hearing following an entry of default judgment in order to determine the measure of damages. Malaco Constr. v. Jones , 10th Dist. Franklin No. 94APE10-1466, 1995 WL 506026, 7-8 (Aug. 24, 1995). This discretion, however, is tempered with a party's right to a jury trial.
{¶ 14} The right to a jury trial is a "fundamental constitutional right, a substantial right * * *." Cleveland Ry. Co. v. Halliday , 127 Ohio St. 278, 284, 188 N.E. 1 (1933). The Constitution provides that "[t]he right to a trial by jury shall be inviolate * * *." Section 5, Article I, Ohio Constitution ; Civ.R. 38(A). This constitutional guarantee, however, is limited by certain procedural rules. See White v. Bannerman , 5th Dist. Stark Nos. 2009CA00221, 2010-Ohio-4846, 2010 WL 3852354, ¶ 58.
{¶ 15} In order to invoke the right to a jury trial, a party must take affirmative action. Soler v. Evans, St. Clair & Kelsey , 94 Ohio St.3d 432, 437, 763 N.E.2d 1169 (2002). Under Civ.R. 38(B), "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue." Conversely, issues not demanded for trial by jury as provided *90 in the rules shall be tried by the court. Civ.R. 39(B). The failure to timely serve and file a demand for a jury trial constitutes a waiver of the right to a trial by jury. Civ.R. 38(D). Moreover, a demand for trial by jury made in accordance with the rules may not be withdrawn without the consent of the parties. Id .
{¶ 16} In considering a party's right to a jury trial on damages in the context of a default judgment, courts have determined that the language of Civ.R. 55(A) -"the court * * * shall when applicable accord a right of trial by jury to the parties"-mandates the right to a jury trial. In Sanitas Servs. of Ohio, Inc. v. Blaushild Chevrolet, Inc ., 8th Dist. Cuyahoga No. 36398, 1977 WL 201530 (July 21, 1977), this court held that where the defendant made a timely request for a jury trial at the damage hearing that followed the entry of default judgment against him, the defendant was entitled to a jury trial. In finding the question of mitigation to be in dispute, we determined that "[s]uch issues are classic examples of the kinds of questions resolved by juries as a matter of right." Id . at 2 ; see also DMAC Co. v. Bochner , 1st Dist. Hamilton Nos. C-840686 and C-840687, 1985 WL 8953 (July 31, 1985) (finding where the defendant made a timely jury demand, a bench trial on the issue of damages "was clearly improper under Civ.R. 55(A)").
{¶ 17} In reconciling Civ.R. 55(A) with 38(D), the Tenth District Court of Appeals found that "the only result consistent with [both rules is] to require a trial by jury upon the issue of damages, when necessary, if it has been previously demanded by any party, even though default judgment" has been rendered. Harris v. Interstate Check Sys ., 10th Dist. Franklin No. 77AP-275, 1977 WL 200414, at 2 (Sep. 20, 1977) ; Malaco Constr ., 10th Dist. Franklin No. 94APE10-1466, 1995 WL 506026, 7-8. In holding that the defendant was entitled to a jury trial on damages, regardless of the fact that he did not dispute the issue of liability, the Tenth District found no ambiguity in the rules governing a party's right to a jury trial:
The Civil Rules are quite explicit that, once a jury demand has been made by any party, it cannot be withdrawn without the consent of all parties, and the trial must be by jury, even in the case of a trial on the issue of damages following the entry of a default judgment as to liability, unless all parties appearing for the trial consent to the withdrawal of the jury demand and trial to the court.
Harris at 1.
{¶ 18} Here, there is no dispute that Berube made a timely jury demand (through her complaint and reasserted through her motion for default judgment), and that the damage resulting from the alleged negligence of a party, including punitive damages, is a "triable issue" under the rules. Additionally, all the parties have not consented to the demand's withdrawal, as Berube's renewed request for a jury trial demonstrates that she did not abandon her demand. As stated above, the rules explicitly mandate that once a jury demand is made by one party, it may not be withdrawn without the consent of all parties, regardless of the fact that default judgment had been entered.
{¶ 19} The trial court, in attempting to balance a litigant's right to a jury trial with its own discretion in conducting default judgment proceedings, concluded that Berube availed herself of the summary proceedings of a default judgment under Civ.R. 55, and therefore, she subjected herself to the court's discretion to hold a hearing on damages. In so doing, the court distinguished prior case law in which the courts held that the trial court must allow a jury trial on damages where the defendant appeared in the action and made a *91 timely and proper jury demand. Here, the trial court concluded that because there was no appearance by the defendant and no contested issues in this matter, there was, essentially, no need for a jury trial. However, although the defendant in this case has not appeared in this action, nor contests liability or damages in any way, this fact does not strip Berube of her distinct right to a jury trial. Defendant's non-appearance should not dictate Berube's properly preserved fundamental constitutional right.
{¶ 20} We recognize the diligence and thoughtful process followed by the trial court in conducting a fair hearing on damages, and we acknowledge the apparent impracticalities of a jury trial on issues that are not in dispute. We are, however, constrained to reverse the trial court's judgment on damages, because Berube's right under Section 5, Article I of the Ohio Constitution to a trial by jury is inviolate. See Allen v. McGill , 6th Dist. Lucas No. L-83-032, 1983 WL 6868 (July 15, 1983) (even where the appellant received a fair and just bench trial, the appellant's right to a jury trial under the constitution prevails).
{¶ 21} Accordingly, Berube's assignment of error as it relates to the court's denial of her request for a jury trial on damages is reversed. Berube's alternative assignment of error is therefore moot. This matter is remanded to the trial court for further proceedings consistent with this opinion.
{¶ 22} Judgment reversed and remanded.
KATHLEEN ANN KEOUGH, A.J., and EILEEN A. GALLAGHER, J., CONCUR