[Cite as *Brake v. Keegan*, 2018-Ohio-3979.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


Jason Brake, et al.                                        Court of Appeals No.  S-17-034

      Appellees                                        Trial Court No.  2013-CV-0952

v.

Daniel J. Keegan, et al.                            **DECISION AND JUDGMENT**

      Appellants                                        Decided:  September 28, 2018

* * * * *

William H. Smith, Jr., for appellees.

K. Ronald Bailey, for appellants.

* * * * *

**MAYLE, P.J.**

### Facts and Procedural History

{¶ 1} This case began with the filing of a complaint in foreclosure by Citizens Banking Company in the Sandusky County Court of Common Pleas on October 10, 2013.  According to the complaint, Citizens was the owner and holder of a promissory

note, and the signatories to the note were Daniel J. Keegan and his brother, David M. Keegan. The note was secured by a mortgage, also held by Citizens, on real property located at 7349 SR 101, Clyde, Ohio. The signatories to the mortgage were Daniel Keegan, his wife Amy Keegan, David Keegan and his wife, Jenny Keegan.

{¶ 2} Citizens claimed that Daniel and David Keegan had defaulted on the promissory note and sought to have the mortgage foreclosed. None of the Keegans answered or otherwise responded to the complaint, and Citizens moved for a default judgment. On June 20, 2013, the trial court entered a decree of foreclosure and ordered the property sold. After efforts to sell the property failed, it was put up for public auction, to be held on January 29, 2015.

{¶ 3} Before the auction, Jason and Kateryna Brake, husband and wife, moved to intervene in the action. The Brakes claimed to have been living on the property since 2012, pursuant to a "land contract" purchase agreement with David and Daniel Keegan. They claimed to have paid over $40,000 toward a purchase price of $125,000 for the property. The court permitted the Brakes to intervene and canceled the auction. The Brakes then filed an answer and crossclaimed against David and Daniel Keegan for breach of contract and unjust enrichment. Daniel Keegan retained counsel, denied the claims and countered with his own breach of contract claim against the Brakes.

{¶ 4} Citizens (now Cavista Bank) assigned its foreclosure judgment to the Brakes and was dismissed as a party from the case, with the Brakes then substituted as the plaintiffs.

2.

{¶ 5} Through counsel, the Brakes and Daniel Keegan reached an agreement that (1) the sale of the property would proceed and (2) the Brakes' claims against Daniel Keegan would be adjudicated after the sale. The court issued a judgment entry to that effect. The Brakes purchased the property on June 9, 2017, and drafted a judgment entry confirming the sale, which the court signed and journalized on August 15, 2017. Daniel and Amy Keegan (hereinafter "The Keegans"), through newly retained counsel, appealed the judgment confirming the sale. They assert a single assignment of error for our review:

> Assignment of error: The trial court erred in granting judgment in favor of appellees without a trial, hearing or granting a motion for summary judgment or any other due process.

### Law and Analysis

{¶ 6} There are two judgments appealable in foreclosure actions: the order of foreclosure and the confirmation of sale. *CitiMortgage, Inc. v. Roznowski,* 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39-40. At issue in this case is the court's judgment entry confirming the sale. "The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law." *Id.*

{¶ 7} Under Section 3(B)(2), Article IV of the Ohio Constitution, appellate jurisdiction is limited to review of lower court's final judgments. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88,

3.

541 N.E.2d 64 (1989). R.C. 2505.02(B)(2) provides that a final appealable order is "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." The confirmation of a sheriff's sale is a special proceeding, and is therefore a final appealable order under R.C. 2505.02(B)(2). *See e.g., J.P. Morgan Chase Bank v. Dewine,* 3d Dist. Logan No. 8-08-20, 2009-Ohio-87, ¶ 10.

{¶ 8} Civ.R. 54(B) states:

> When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the parties, shall *not* terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties. (Emphasis added.)

{¶ 9} Thus, where claims are still pending in the trial court after the order confirming the sale, the order must have a Civ.R. 54(B) certification to be appealed. *NBD Mtge. Co. v. Marzocco*, 2d Dist. Montgomery No. 18824, 2001 Ohio App. LEXIS 4861. For example, in *JP Morgan Chase Bank*, the judgment entry confirming the sheriff's sale acknowledged that the "parties agreed to proceed with the sale of the

4.

property while the priority of lien issue is addressed by Courts" but lacked any Civ.R. 54(B) certification. The court found, "[b]ecause there are still claims pending between the creditors on the issue of priority, the confirmation of sale, lacking a Civ.R. 54(B) certification, is not a final, appealable order, and we do not have jurisdiction to address the merits of Chase's arguments. The appeal is dismissed." *Id.* at *¶ 11. See also, Fid. Tax., LLC v. Hall,* 10th Dist. Franklin No. 14AP-241, 2014-Ohio-4448, ¶ 12 (In a "multi-party, multi-claim case, [where] the trial court enters final judgment to fewer than all of the parties and claims without the necessary Civ.R. 54(B) certification, * * * the trial court's judgment entry and order confirming the sale and distributing the proceeds is a not a final and appealable order.").

In this case, the plaintiffs and one of the defendants to this multi-party, multi-claim lawsuit, agreed to "proceed with [the] sale of subject property * * * prior to this matter going forward on the issues of damages before a jury on [the Brakes' claims] against Daniel Keegan and David Keegan." (Feb. 9, 2017 Judgment Entry). Because those claims, as well as Daniel Keegan's counterclaim, remained pending after the confirmation of sale, the court's judgment entry must have included Civ.R. 54(B) certification for it to be considered a final appealable order. The judgment entry in this case includes no such certification.

{¶ 10} If an order is not a final appealable order, the appellate court lacks jurisdiction and the court must dismiss the appeal. Because the August 15, 2017 judgment "leaves issues unresolved and contemplates that further actions must be taken,

5.

[it] is not a final appealable order."  (Citations omitted.)  *Fid. Tax, LLC* at ¶ 7, quoting

*State ex rel. Keith v. McMonagle,* 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597,

¶ 4.

{¶ 11} The appeal is dismissed.  Pursuant to App.R. 24, the appellants are ordered

to the pay the costs of the appeal.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Christine E. Mayle, P.J.                                    JUDGE
CONCUR.

_____
JUDGE