[Cite as *Sharp v. M3C Invests., L.L.C.*, 2022-Ohio-1394.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

ARIELLE SHARP,                              :

      Plaintiff-Appellant,        :

                                No. 110442

      v.                              :

M3C INVESTMENTS LLC, ET AL.,      :

      Defendants-Appellees.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 28, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-900382

---

### *Appearances:*

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Joseph Shell and Andrew S. Pollis, Supervising Attorneys and Joshua M. Knauf, Certified Legal Intern, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Arielle Sharp ("Sharp"), appeals the trial court's failure to hold a jury trial to determine the proper amounts of compensatory damages, treble damages, attorney fees, and costs following its grant of default judgment in Sharp's favor on her complaint, brought pursuant to the Ohio Consumer Sales Practices Act (the "CSPA"). For the reasons set forth below, we

reverse the trial court's decision and remand for further proceedings consistent with this opinion.

**Procedural and Factual History**

{¶ 2} In July 2018, Sharp filed a complaint against MC3 Investments, LLC, d.b.a. Keep It Moving Auto Sales 2, Inc. ("KMAS2"), and Robert Middlebrooks ("Middlebrooks"), asserting several claims under the CSPA, as well as claims of breach of contract, conversion, and fraud. Sharp's complaint included a demand for a jury trial, plus a request for treble economic damages, noneconomic damages, and punitive damages.

{¶ 3} In November 2018, Sharp amended her complaint to add Ronnie Simmons ("Simmons") as a defendant. Sharp brought the action to seek relief in connection with her purchase of a 2007 Mitsubishi Endeavor (the "Vehicle"). The following abstract of the attendant events is generated from the allegations set forth in Sharp's complaint.

{¶ 4} On February 3, 2018, Sharp contacted KMAS2 about purchasing the Vehicle. Subsequently, Middlebrooks, one of the owners of KMAS2, brought the Vehicle to Sharps' home. After inspecting the Vehicle and perceiving issues with the muffler, as well as observing damage to both bumpers, Sharp declined to purchase the vehicle.

{¶ 5} About a week later, Middlebrooks returned with the Vehicle and, again offered it for sale if Sharp agreed to make a down payment of $1,000 with a total purchase price of $3,000. Middlebrooks proclaimed the deal was "great" and

"awesome" and promised to have the car fully functional before Sharp would have made the final payment. Sharp again declined to purchase the Vehicle.

{¶ 6} On February 11, 2018, Middlebrooks brought the Vehicle back to Sharp's home. Sharp, who by then was desperately in need of personal transportation, accepted Middlebrooks' offer. Under the offer, Sharp could purchase the Vehicle for a total of $3,000, with a down payment of $1,000, and Middlebrooks would fix all issues with the vehicle before the final payment was due. While still at Sharp's home, Middlebrooks presented the contract and asked Sharp to complete it claiming he was experiencing pain in his hands. After Sharp filled out the paperwork, Middlebrooks proceeded to sign the contract as "Ronnie Simmons."

{¶ 7} The following day, Middlebrooks met Sharp at Norwood's Discount Muffler & Brake ("Norwood") to have the muffler repaired. While there, a Norwood technician informed them that there was a problem with the Vehicle's O2[1] sensor and advised that it should be repaired immediately. Middlebrooks promised that he would have someone else repair the O2 sensor but reneged. Middlebrooks paid Norwood $50 to repair the muffler.

{¶ 8} In the ensuing weeks, the Vehicle began manifesting additional problems, including frequent stalling at traffic lights. Sharp notified Middlebrooks, who promised to address the mechanical issue, but instead attempted to placate Sharp by fixing cosmetic or minor issues and offering to buy gasoline for the Vehicle.

---

[1] Oxygen sensor.

At other times, Middlebrooks would either not respond or hang up the phone when he unintentionally answered Sharp's telephone call.

{¶ 9} Eventually, in March 2018, the Vehicle completely broke down, shortly after Sharp had taken her children to school. Sharp notified Middlebrooks, who had the Vehicle towed. Subsequently, Sharp requested a refund, but Middlebrooks indicated that he needed to first determine what was wrong with the Vehicle. Despite Sharp's repeated requests, Middlebrooks did not refund the deposit and did not provide any information on the Vehicle, which was never returned to Sharp. Hence, Sharp brought the underlying CSPA action.

{¶ 10} On April 16, 2019, after none of the three defendants had filed an answer to the complaint, Sharp filed a motion for default judgment as to liability on all claims. Sharp again requested that the trial court schedule a jury trial to determine the proper amounts of compensatory damages, treble damages, attorney fees, and costs. The trial court scheduled a default hearing and directed Sharp to submit an affidavit of damages and proposed judgment entry.

{¶ 11} Sharp complied with the trial court's directives and submitted a damages affidavit and proposed judgment entry that would have awarded her $23,040 in economic damages, $5,000 in noneconomic damages, plus an indefinite amount of punitive damages. At the default hearing, the trial court granted Sharp's motion for default judgment and awarded her only $1,080.

{¶ 12} Sharp now appeals and assigns the following errors for review:

**Assignment of Error No.1**

The trial court erred in not holding a jury trial on damages.

**Assignment of Error No. 2**

The trial court erred in failing to treble Ms. Sharp's economic damages.

**Assignment of Error No. 3**

The trial court erred in failing to award noneconomic damages.

**Law and Analysis**

{¶ 13} In the first assignment of error, Sharp, who included a demand for a jury trial in her complaint, reasserted that demand in her motion for default judgment, and never abandoned her demand, argues the trial court erred in not holding a jury trial on the issue of damages in the underlying CSPA action.

{¶ 14} We review a trial court's decision to grant a motion for default judgment under an abuse of discretion. *Chase Bank USA, N.A. v. Courey*, 8th Dist. Cuyahoga No. 92798, 2010-Ohio-246, ¶ 22. "But unlike the initial decision to grant a default judgment, 'the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).'" *Arendt v. Price*, 8th Dist. Cuyahoga No. 101710, 2015-Ohio-528, ¶ 8, quoting *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist.), quoting *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 6. Therefore, "the question of whether a trial court's grant of default judgment complies with Civ.R.

55(C) and Civ.R. 54(C) is one of law, which we review de novo." *Id.*; *see also Masny v. Vallo*, 8th Dist. Cuyahoga No. 84938, 2005-Ohio-2178, ¶ 15.

{¶ 15} In this matter, to support her contention that the trial court erred in not holding a jury trial to determine damages, Sharp relies on our pronouncements in *Berube v. Richardson*, 8th Dist. Cuyahoga No. 104651, 2017-Ohio-1367. We find Sharp's reliance on *Berube* to be well-placed.

{¶ 16} In *Berube*, we were also called on to consider a party's right to a jury trial on damages in the context of a default judgment. In consideration of that right, we noted that Civ.R. 55(A),[2] which governs the entry of default judgment and the necessity of a hearing on damages, gives the trial court the discretion to conduct a hearing following an entry of default judgment in order to determine the measure of damages. *Id.* at ¶ 13, citing *Malaco Constr. v. Jones*, 10th Dist. Franklin No. 94APE10-1466, 1995 Ohio App. LEXIS 3534, 21 (Aug. 24, 1995).

{¶ 17} Again, as in *Berube*, we recognize that the discretion accorded the trial court, under Civ.R. 55(A), is tempered with a party's constitutional and substantial right to a jury trial. In this respect, the Constitution provides that "[t]he right to a trial by jury shall be inviolate * * *." Section 5, Article I, Ohio Constitution; Civ.R. 38(A). *Id.* at ¶ 14. Further, we again recognize that this constitutional guarantee is

---

[2] Civ.R. 55(A): "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

limited by certain procedural rules. *Id*. *See White v. Bannerman*, 5th Dist. Stark Nos. 2009CA00221, 2009CA00245 and 2009CA00268, 2010-Ohio-4846, ¶ 58.

{¶ 18} Relevant here, as it was in *Berube*, is that it is critical that "[i]n order to invoke the right to a jury trial, a party must take affirmative action." *Id*., 8th Dist. Cuyahoga No. 104651, 2017-Ohio-1367, at ¶ 15, citing *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 437, 2002-Ohio-1246, 763 N.E.2d 1169.

> Under Civ.R. 38(B), [a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Conversely, issues not demanded for trial by jury as provided in the rules shall be tried by the court. Civ.R. 39(B). The failure to timely serve and file a demand for a jury trial constitutes a waiver of the right to a trial by jury. Civ.R. 38(D). Moreover, a demand for trial by jury made in accordance with the rules may not be withdrawn without the consent of the parties.

*Id*. at ¶ 15, citing *Soler* at 438.

{¶ 19} In *Berube*, upon considering the confluence of interests inherent in Civ.R. 55(A), we stated:

> [C]ourts have determined that the language of Civ.R. 55(A) — "the court * * * shall when applicable accord a right of trial by jury to the parties" — mandates the right to a jury trial. In *Sanitas Servs. of Ohio, Inc. v. Blaushild Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 36398, 1977 Ohio App. LEXIS 9361 (July 21, 1977), this court held that where the defendant made a timely request for a jury trial at the damage hearing that followed the entry of default judgment against him, the defendant was entitled to a jury trial. In finding the question of mitigation to be in dispute, we determined that "[s]uch issues are classic examples of the kinds of questions resolved by juries as a matter of right." *Id*. at 6; *See* also *DMAC Co. v. Bochner*, 1st Dist. Hamilton Nos. C-840686 and C-840687, 1985 Ohio App. LEXIS 6841 (July 31, 1985) (finding where the defendant made a timely jury demand, a bench trial on the issue of damages "was clearly improper under Civ.R. 55(A)").

*Id.* at ¶ 16.

{¶ 20} Further, in reconciling Civ.R. 55(A) with 38(D), we stated:

> The Civil Rules are quite explicit that, once a jury demand has been made by any party, it cannot be withdrawn without the consent of all parties, and the trial must be by jury, even in the case of a trial on the issue of damages following the entry of a default judgment as to liability, unless all parties appearing for the trial consent to the withdrawal of the jury demand and trial to the court.

*Id.* at ¶ 17, quoting *Harris v. Interstate Check Sys.,* 10th Dist. Franklin No. 77AP-275, 1977 Ohio App. LEXIS 7578, 4 (Sept. 20, 1977).

{¶ 21} In the instant matter, like that presented in *Berube,* 8th Dist. Cuyahoga No. 104651, 2017-Ohio-1367, Sharp alleged CSPA violations, where the resultant damages were all "triable issues" under the rules. At this juncture, without veering from the central issue under discussion, we briefly note that the CSPA in an effort to promote its objectives, provides a variety of remedies, including multiple forms of damages.

{¶ 22} "Indeed, punitive damages and treble damages may both be awarded in an appropriate case under the CSPA." *Kelley v. Sullivan*, 8th Dist. Cuyahoga No. 106189, 2018-Ohio-1410, ¶ 7, citing *Samber v. Mullinax Ford E.,* 173 Ohio App.3d 585, 2007-Ohio-5778, 879 N.E.2d 814 (11th Dist.); *Crawford v. Bill Swad Chevrolet, Inc.,* 10th Dist. Franklin No. 00AP-188, 2000 Ohio App. LEXIS 4221 (Sept. 19, 2000); *Mid-America Acceptance Co. v. Lightle*, 63 Ohio App.3d 590, 579 N.E.2d 721 (10th Dist.1989).

{¶ 23} In this matter, Sharp also demanded a jury trial in her complaint, renewed that demand in her motion for default judgment, and never abandoned her demand. Although no defendant appeared in the action, we note the rules explicitly mandate that once a jury demand is made by one party, it may not be withdrawn without the consent of all parties, regardless of the fact that default judgment had been entered.

{¶ 24} In addition, the trial court granted Sharp's motion for default judgment but, as in *Berube*, 8th Dist. Cuyahoga No. 104651, 2017-Ohio-1367, never honored her jury demand. Instead, the trial court opted to decide the issue of damages, despite Sharp's request, which complied in all respects with Civ.R. 38(D).

{¶ 25} Here, because Sharp's right under Section 5, Article I of the Ohio Constitution to a trial by jury is inviolate, we are constrained, as we were in *Berube*, to reverse the trial court's judgment denying Sharp's request for a jury trial on the issue damages.

{¶ 26} Accordingly, we sustain Sharp's first assignment of error.

{¶ 27} In the second and third assignments of error, Sharp collectively argues the trial court erred by failing to treble her economic damages and by failing to award her noneconomic damages. However, based on our resolution of the first assignment of error, specifically addressing the denial of Sharp's request for a jury trial on the issue of damages, these errors are now moot. This matter is remanded to the trial court for further proceedings consistent with this opinion.

{¶ 28} Judgment reversed, and matter remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR