[Cite as *Helfrich v. Patrick*, 2024-Ohio-2097.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JAMES HELFRICH | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JACOB PATRICK | : | Case No. 23CA0076 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court, Case No. 23CVE01272


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      May 31, 2024
2024


APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

JAMES HELFRICH, PRO SE      JACOB PATRICK
P.O. Box 921      96 Broadway Street
Pataskala, OH  43062      Pataskala, OH  43062

*King, P.J.*

{¶ 1}   Plaintiff-Appellant, James Helfrich, appeals the October 23, 2023 judgment entry of the Municipal Court of Licking County, Ohio, awarding him damages after a default judgment.  Defendant-Appellee is Jacob Patrick.  We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 24, 2020, Helfrich received damage to his property caused by the actions of Patrick.

{¶ 3}   On June 5, 2023, Helfrich filed in the municipal court a pro se complaint against Patrick, listing four causes of action: 1) claim for damage to property; 2) claim for civil trespass; 3) claim for punitive damages; and 4) claim for actual damages.  Helfrich sought actual damages in the amount of $2,300, punitive damages in the amount of $2,000, all court costs, and any attorney fees if applicable.  In both the title of his complaint and the last line of his complaint, Helfrich demanded a jury.

{¶ 4}   On August 10, 2023, Helfrich filed a motion for default judgment due to Patrick's failure to file an answer or otherwise appear.  By judgment entry filed August 29, 2023, the trial court granted the motion, and set a damages hearing for September 18, 2023.

{¶ 5}   At the start of the damages hearing, Helfrich reminded the trial court that he had demanded a jury.  The trial court denied his request and heard the matter.

{¶ 6}   At 9:38 a.m. on October 23, 2023, Helfrich filed a pleading titled, "Plaintiff Reaffirming he is Entitled to a Jury Trial."  Helfrich noted the trial court had yet to award anything and "[u]nless this court awards everything in Helfrich's complaint he is entitled to a jury trial."  At 12:50 p.m. on the same date, the trial court filed a judgment entry

awarding Helfrich $1,865.54 in actual damages plus interest and court costs. The trial court denied Helfrich's request for punitive damages.

{¶ 7}   Helfrich filed an appeal with the following assignments of error:

I

{¶ 8}   "DID THE TRIAL COURT ERR WHEN IT DENIED A JURY"

II

{¶ 9}   "DID THE TRIAL COURT ERR WHEN IT GRANTED A MOTION FOR DEFAULT JUDGMENT AND THEN DENIED A JURY TO HEAR AND CONSIDER DAMAGES"

III

{¶ 10} "DID THE TRIAL COURT ERR WHEN IT GRANTED A MOTION FOR DEFAULT JUDGMENT AND THEN NOT GRANT THE DAMAGES REQUESTED"

IV

{¶ 11} "DID THE TRIAL COURT ERR WHEN THE JUDGE AWARDED LESS THAN THE ACTUAL DAMAGES DEMONSTRATED"

V

{¶ 12} "DID THE TRIAL COURT ERR WHEN IT FAILED TO SWEAR ANYONE IN DURING THE COST HEARING"

VI

{¶ 13} "IS THIS COURT OR THE TRIAL COURT THE LEGISLATIVE BRANCH OF THE GOVERNMENT"

VII

{¶ 14} "DID THE TRIAL COURT ERR WHEN IT DID NOT AWARD DAMAGES WHEN NO ONE TESTIFIED TO THE CONTRARY"

VIII

{¶ 15} "WILL THE TRIAL COURT ERR WHEN THIS COURT ORDERS THIS CASE BE SENT BACK WITH A JURY IF THE TRIAL COURT REPRESENTS THE DEFENDANT IN THE NEXT COST HEARING"

I, II

{¶ 16} In his first two assignments of error, Helfrich claims the trial court erred in denying him a jury trial on his damages claim.  We agree.

{¶ 17} Under Article 1, Section 5 of the Ohio Constitution, Helfrich is entitled to a jury trial if he complies with the procedural rules and takes affirmative action.  In this case, Helfrich took affirmative action and complied with Civ.R. 38; he demanded a jury trial in his complaint and again reasserted that demand at the start of the damages hearing and never abandoned his demand.  Even though the trial court granted default judgment to Helfrich, he was entitled to a jury trial on the issue of damages.  *See Sharp v. M3C Investments LLC,* 8th Dist. Cuyahoga No. 110442, 2022-Ohio-1394; *Berube v. Richardson,* 2017-Ohio-1367, 89 N.E.3d 85 (8th Dist.).

{¶ 18} Upon review, we find the trial court erred in denying Helfrich's demand for a jury trial on damages.

{¶ 19} Assignments of Error I and II are granted.  Assignments of Error III-VII are moot.  Assignment of Error VIII is not a reviewable assignment of error.

{¶ 20} The judgment of the Municipal Court of Licking County, Ohio is hereby reversed, and the matter is remanded to the court for further proceedings.

By King, P.J.

Wise, J. and

Baldwin, J. concur.