[Cite as *Aurora Smile Ctr., L.L.C. v. Seats*, 2024-Ohio-2639.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

AURORA SMILE CENTER, LLC,                :

   Plaintiff-Appellant,                :

                        No. 113574

v.                :

JACQUELINE SEATS,                :

   Defendant-Appellee.                :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 11, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-980878

---

### *Appearances:*

Meyers, Roman, Friedberg & Lewis and Ronald P. Friedberg, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant Aurora Smile Center, LLC ("Aurora") appeals from the trial court's December 20, 2023 default judgment entry against defendant-appellee Jacqueline Seats ("Seats"). For the following reasons, we dismiss for lack of a final, appealable order.

**Factual and Procedural History**

{¶ 2} On June 12, 2023, Aurora filed a complaint in the Cuyahoga County Court of Common Pleas against Seats for fraudulent misrepresentation, negligent misrepresentation, and indemnity. The complaint specifically alleged that Seats had been an employee of Aurora's from May 2020 through September 2022 and that in October 2018, the Cleveland Electric Illuminating Company ("CEIC") obtained a judgment against Seats for $17,756.81, plus interest. The complaint further alleged that after obtaining this judgment against Seats, CEIC attempted to execute upon this judgment, including by initiating garnishment proceedings against Aurora, as Seats's employer and garnishee. Aurora's complaint alleged that upon receipt of garnishment papers in the garnishment proceedings, Aurora discussed the matter with Seats, "who repeatedly represented to [Aurora] that [she] had retained counsel and that the CEIC matter was being handled and the CEIC Judgment was being dealt with through her retained counsel's direct communications with CEIC's counsel." Aurora's complaint alleged that it relied upon those representations and, although it filed an answer in the garnishment proceedings, it did not withhold or pay CEIC any of Seats's personal earnings.

{¶ 3} Aurora's complaint further alleged that in August 2022, CEIC filed a direct complaint against Aurora, in which CEIC alleged that Aurora was liable for the CEIC judgment pursuant to R.C. 2716.12(F). Finally, Aurora's complaint alleged that in December 2022, Aurora and CEIC entered into a settlement agreement, pursuant to which Aurora paid CEI $9,002.42. Aurora's complaint in the

underlying action ultimately sought damages in excess of $25,000 for each of the three counts Aurora brought against Seats and requested a jury trial.

{¶ 4} The docket reflects that the complaint was delivered to Seats on June 23, 2023, by the United States Postal Service.

{¶ 5} On July 24, 2023, Aurora filed a motion for default judgment, in which it requested the court enter a default judgment in its favor and requested a hearing to establish damages. The same day, the court issued a journal entry in which it scheduled a telephonic default hearing for August 15, 2023.

{¶ 6} On August 15, 2023, the court held a telephonic default hearing. The corresponding judgment entry states, in relevant part:

> Case called for telephone default hearing. Plaintiff participated through counsel and defendant appeared pro se. Defendant plans to retain an attorney. Defendant is given leave to file an answer. Answer due 9/15/23. Telephone default hearing is continued. The court will go forward with the hearing if defendant fails to file an answer by 9/15/23. If an answer is filed, the default hearing date will be converted into a telephone case management conference. Telephone default hearing set for 9/18/2023 at 2:30 p.m.

{¶ 7} Also on August 15, 2023, Aurora filed two affidavits regarding the amount of attorney fees it had accrued in the action, as well as a proposed judgment entry in which it proposed the court enter judgment for Aurora in $9,002.42 in compensatory damages, $7,702.50 in attorney fees, and an amount of punitive damages to be determined by the court.

{¶ 8} Based on the docket, Seats did not file an answer.

{¶ 9} On September 18, 2023, Aurora once again filed two affidavits regarding attorney fees, as well as a new proposed judgment entry, the only change in which was that Aurora proposed it receive attorney fees in the amount of $8,200.50.

{¶ 10} On December 20, 2023, the trial court granted Aurora's motion for default judgment and issued the following judgment entry:

> This matter came on for hearing upon Plaintiff's motion for default judgment. The record reflects that Defendant was duly served with the complaint and summons in this action, and that Defendant failed to plead or otherwise defend itself in this action. Based upon Plaintiff's motion for default judgment, and the brief and affidavits and other evidence submitted by Plaintiff in support thereof, the Court finds that Plaintiff is entitled to judgment in its favor and against Defendant, *pursuant to the indemnity claim*, for compensatory damages in the amount of $9,002.42, for a total of $9,002.42 together with interest thereon at the statutory rate from the date of judgment.

{¶ 11} The default judgment entry issued by the court was Aurora's September 18, 2023 proposed judgment entry; the court added the italicized language above, crossed out the line awarding punitive damages, and crossed out the award of attorney fees. The court did not award punitive damages or attorney fees and costs. The court also did not address Aurora's negligent misrepresentation or fraudulent misrepresentation claims.

{¶ 12} Aurora filed a timely notice of appeal and raises three assignments of error for our review:

> I. The trial court erred by failing to enter judgment in favor of Appellant and against Appellee on Appellant's fraudulent misrepresentation claim in the court's December 2023 default judgment entry.

II. The trial court erred by denying Appellant any recovery of punitive damages in the court's December 20, 2023 default judgment entry without providing any explanation or reasoning for such denial, and without holding an evidentiary hearing.

III. The trial court erred by denying Appellant any recovery of attorneys' fees in the court's December 20, 2023 default judgment entry without providing any explanation or reasoning for such denial, and without holding an evidentiary hearing.

Seats did not file a brief in the instant appeal.

**Legal Analysis**

{¶ 13} Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Ohio Const., art. IV, § 3(B)(2). "'An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable.'" *Toledo v. Heron Arizona Fund 1, LLC*, 2024-Ohio-1510, ¶ 7 (6th Dist.), quoting *Noble v. Colwell*, 44 Ohio St.3d 92 (1989), syllabus.

{¶ 14} Civ.R. 54(B) states:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶ 15}** The trial court's December 20, 2023 default judgment entry only addressed Aurora's indemnity allegation — one of three counts in Aurora's complaint. Therefore, both Aurora's fraudulent misrepresentation and negligent misrepresentation claims against Seats remain pending. If an order is not a final, appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. Because the trial court's default judgment entry "'leaves issues unresolved and contemplates that further actions must be taken, [it] is not a final appealable order.'" *Brake v. Keegan*, 2018-Ohio-3979, ¶ 10 (6th Dist.). Further, we note that while the default judgment entry appeared to implicitly deny Aurora's request for attorney fees and punitive damages, punitive damages are, by nature, unliquidated damages that require additional evidence. *Berube v. Richardson*, 2017-Ohio-1367,¶ 10 (8th Dist.). Therefore, should the trial court enter default judgment for Aurora on the remaining claims in Aurora's complaint, it may then likewise be necessary to assess the appropriate award, if any, of punitive damages and attorney fees.

**{¶ 16}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR